# EXHIBIT

# B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
Central Division

| | | |
|---|---|---|
| CINDY MURRAY, | ) | |
| | ) | |
| | ) | Case No. 1:15-cv-59 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST NATIONAL BANK OF OMAHA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DECLARATION OF PAUL OSBORNE IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

I, Paul Osborne, state that the following facts are true to the best of my knowledge, information, and belief. These statements are based on my personal knowledge and if called to testify regarding these statements, I would be able to competently testify to the statements contained herein:

1. I am the Managing Director of Collections and Recovery at First National Bank of Omaha ("FNBO") and have been so for four (4) years. I have been involved in the banking industry for over thirty-one (31) years. I am familiar with the business practices and procedures of First National Bank of Omaha, in particular the practices involving credit cards due to my 16 years of experience at FNBO.

2. I am familiar with the facts and circumstances of this case and with the credit card accounts associated with this case.

3. I was previously deposed in this cased.

4.  On or around February 19, 2015, Plaintiff opened and eventually received a VISA Scheels (referred to as the "Scheels account") credit card ending in 7030 issued by FNBO.

5.  On or around June 9, 2014, Plaintiff opened and eventually received a credit card from FNBO, which was a VISA (referred to as the "VISA account") credit card ending in 0106.

6.  On both applications for credit received from Plaintiff, Plaintiff listed her telephone number at issue in this case, which ends in 2340.

7.  Sometime during the month of August 2015, the Scheels Account went past due by more than 30 days, which would have resulted in communication attempts to Plaintiff to discuss the delinquent account.

8.  Also during August of 2015, the VISA Account went past due by more than 30 days, which would also have resulted in communication attempts to Plaintiff to discuss the delinquent account.

9.  On or about August 25, 2015, a FNBO representative called the Plaintiff regarding the Scheels account.

10. During said telephone conversation regarding the Scheels account, Plaintiff requested that the FNBO representative not call her cell phone any longer regarding the Scheels account.

11. Pursuant to FNBO's business records, which were made contemporaneously with the call on August 25, 2015 and were part of FNBO's normal business practices, the FNBO representative notated the Scheels account that the Plaintiff no longer wished to receive

phone calls on her cellular number that she previously provided as her contact number for the Scheels account.

12. Each credit card account issued by FNBO is handled individually at the account level and not at the customer level.  Therefore, if a customer has more than one credit card account with FNBO, account maintenance such as calling consent or consent revocation is handled at the "account" level, not the "customer" level.

13. For example, if Plaintiff had a mortgage or some other non-credit card account with FNBO and consent revocation occurred on a credit card account, that consent revocation would not automatically be carried over to the mortgage, other card accounts, or non-card accounts.

14. In the alternative if a customer were to give consent to be called at a particular number for a credit card account; FNBO would not apply that consent to all accounts owned by the customer.

15. In order to best serve its customers, FNBO will not guess a consumer's intentions and will handle matters at an account level, unless directed otherwise.

16. After the August 25, 2015 conversation with Plaintiff, FNBO did not call Plaintiff concerning the Scheels account.

17. FNBO was unable to communicate with Plaintiff regarding the VISA account and therefore Plaintiff never expressed a desire to not be communicated with regarding the VISA account.

18. Consequently, since FNBO never had an opportunity to discuss the VISA account with Plaintiff and ascertain her intentions with regards to that account, FNBO continued to try and contact Plaintiff to discuss the VISA account, which are the calls at issue in this case.

I declare under the penalties of perjury that the foregoing is true and correct.


Dated: _10/12/2016_


_____
Paul Osborne